IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Bruce Scott JOHNSON, Attorney at Law.

Supreme Court

*No. 97–3220–D. Filed October 15, 1998.*

(Also reported in 585 N.W.2d 148.)

¶ 1. PER CURIAM. We review the recommendation of the referee that the license of Bruce S. Johnson to practice law in Wisconsin be revoked as discipline for professional misconduct. That misconduct consisted of failing to pursue the claims of two clients, giving them inaccurate information regarding their matters, and failing to keep one of them reasonably informed, failing to probate an estate properly and make distributions and give an accounting to the beneficiaries, misrepresenting to another client that he had filed an action on her behalf and that the court had scheduled hearings and taken action in the matter, failing to file timely an inventory in another estate and respond to the client's requests for information concerning it, misappropriating funds of that estate, and failing to respond to requests from the Board of Attorneys Professional Responsibility (Board) and from the district professional responsibility committee for information in each of those matters. In addition to license revocation, the referee recommended that Attorney Johnson be required to make restitution and provide an accounting of his trust account dealing in one of the estates.

¶ 2. We determine that the serious nature and the extent of his professional misconduct warrant the revocation of Attorney Johnson's license to practice law. In addition to his repeated failure to provide clients the professional services he had agreed to provide, Attorney Johnson intentionally misled a client into believing that he had commenced an action on her behalf and obtained a favorable judgment and violated

601

his fiduciary duty to an estate he was representing by taking for his own use funds of that estate to which he was not entitled.

¶ 3. Attorney Johnson was admitted to practice law in Wisconsin in 1992 and practiced in Luck, Wisconsin. The records of the State Bar of Wisconsin indicate that his current address is in St. Paul, Minnesota. Attorney Johnson has not been the subject of a prior disciplinary proceeding, but since June, 1997, he has been suspended from practice for failure to comply with continuing legal education requirements.

¶ 4. Attorney Johnson was personally served with the Board's complaint in this proceeding, but he did not answer or otherwise appear until the hearing on the Board's motion for default judgment. At that hearing, he stated that he did not contest the allegations of the complaint or the disciplinary sanctions sought by the Board. The referee, Attorney Janet Jenkins, made findings of fact and conclusions of law consistent with the Board's complaint in respect to Attorney Johnson's professional misconduct in four matters.

¶ 5. In the first of those matters, in 1995, Attorney Johnson was retained by a client to file a complaint with the Equal Rights Division of the Wisconsin Department of Industry, Labor and Human Relations. He intended to file an amended complaint, but did not do so, despite urging by ERD and notification that his failure to do so would result in the dismissal of his client's complaint. As a result, the client's complaint was dismissed. While that matter was pending, Attorney Johnson did not give the client accurate information concerning the status of the case in response to requests from the client.

¶ 6. Attorney Johnson also represented a relative of that client on a claim for Social Security disability payments. After the claim was denied, Attorney Johnson was notified of the time to request a hearing on the denial. He did not file a request for hearing timely or in any other way respond to the directive he had received from the Social Security Administration. He also did not provide the client with accurate information concerning the status of the claim in response to requests from the client's family for information.

¶ 7. In a second matter, Attorney Johnson was retained in 1994 to probate an estate in which he agreed to serve as special administrator for purposes of conveying the decedent's real estate. That property was sold in May, 1995, but none of the beneficiaries received any distribution or an accounting from Attorney Johnson, and it appears the estate remains open, as there was nothing done in it since the recording of the deed conveying the property. One of the beneficiaries repeatedly telephoned Attorney Johnson's office requesting information regarding the distribution of the sale proceeds from the property but received no response.

¶ 8. In a third matter, Attorney Johnson was hired in December 1994 to foreclose on a land contract. The following April, he told his client that he had obtained a court date in the matter, when in fact he had not done so; indeed, he never commenced the action. When the client traveled from another state to attend the purported foreclosure hearing, Attorney Johnson told her that the proceeding had been postponed because of a heavy court caseload and had been rescheduled. He said that it was not necessary for her to attend the proceeding but told her to be available by telephone on that day, as the court would include her in

a conference call. The client did as instructed, but she received no call from anyone in connection with any proceeding, as no action had been filed. When she telephoned him, Attorney Johnson told her the court had ruled in her favor and that papers would be sent to her after the judge had signed them.

¶ 9. The client then telephoned Attorney Johnson several times to learn why she had received no papers concerning the purported judgment. On one occasion Attorney Johnson told her that he had tried to call the judge the preceding evening but he was out of town. Attorney Johnson did not return the client's numerous telephone calls that followed. In March, 1996, the client learned from the court that no action had been filed in her behalf.

¶ 10. The fourth matter concerned Attorney Johnson's probate of an estate that was opened in late 1995. Pursuant to the decedent's will, Attorney Johnson was appointed personal representative, and he filed an application for informal administration, together with consent and waiver forms signed by the beneficiaries, proof of heirship, and the appropriate statement of informal administration. He did not, however, file the inventory timely. In fact, he never filed an inventory or took any other action in the estate, despite a request from the register in probate to file the inventory.

¶ 11. In that matter, Attorney Johnson retained another law firm to pursue a claim the decedent had on a loan she had made, and that firm obtained a settlement of $10,100 on that claim, of which the estate was to receive $9330.66. The law firm then issued a check in the appropriate amount payable to Attorney Johnson's trust account and sent it to him. Upon learning that the check had not been negotiated, the law firm

telephoned Attorney Johnson, who said that the check had not been received. The law firm then issued a second check, which Attorney Johnson also failed to negotiate, although he told the law firm that he would do so on a certain date. The firm ultimately stopped payment on the check and disbursed the funds to the register in probate.

¶ 12. Some of the beneficiaries of the estate made repeated efforts to obtain information from Attorney Johnson while he continued as personal representative for the estate but were unsuccessful. In January, 1996, without any inventory having been filed, Attorney Johnson made a partial distribution of $14,000 to one beneficiary and subsequently made distributions of $14,000 to another beneficiary. He did not obtain a release or receipt from either of those beneficiaries and did not provide notice of those distributions to the other beneficiaries. In July, 1996, he paid $1650 of estate funds to his law firm for fees and costs, but he provided no bill or itemized statement of services provided and costs incurred. In April of 1996, he disbursed to himself for his own purposes $4495 of estate funds that were in his trust account.

¶ 13. In each of the foregoing matters, Attorney Johnson did not respond to repeated requests from the Board for information. He also did not respond to requests from the district professional responsibility committee and did not appear at a meeting scheduled by the investigating member of that committee.

¶ 14. Based on the foregoing, the referee concluded as follows. Attorney Johnson's failure to pursue the Equal Rights Division matter constituted a failure to act with reasonable diligence, in violation of SCR

20:1.3,[1] and his giving the client inaccurate information regarding the matter violated SCR 20:1.4(a).[2] His failure to pursue the social security claim and return the necessary forms to request a hearing on its denial violated SCR 20:1.3, and his failure to provide the client accurate information regarding the matter violated SCR 20:1.4(a). His failure to pursue the first probate matter violated SCR 20:1.3, his failure to make distributions or provide accountings to the beneficiaries in that estate violated SCR 20:1.15(b),[3] and his failure to provide the special administrator in that estate with accurate information violated SCR 20:1.4(a).

¶ 15. The referee concluded further that Attorney Johnson's misrepresentations to the client regarding the foreclosure action purportedly filed on her behalf and the hearings purportedly scheduled in it

[1] SCR 20:1.3 provides:

**Diligence**
A lawyer shall act with reasonable diligence and promptness in representing a client.

[2] SCR 20:1.4 provides, in pertinent part:

**Communication**
(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

[3] SCR 20:1.15 provides, in pertinent part:

**Safekeeping property**
. . .
(b) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall render a full accounting regarding such property.

constituted dishonesty, in violation of SCR 20:8.4(c),[4] and his failure to provide the client accurate information regarding the case violated SCR 20:1.4(a). In the second probate matter, his failure to file an inventory timely and otherwise act to complete the probate of that estate violated SCR 20:1.3, his failure to provide beneficiaries with accurate information regarding the status of the matter and respond to their requests for information violated SCR 20:1.4(a), and his misappropriation of at least $4495 of estate funds constituted dishonesty, in violation of SCR 20:8.4(c). Attorney Johnson's failure to respond to inquiries from the Board and from the district committee and his failure to appear at the scheduled investigative meeting constituted a failure to cooperate in the Board's investigation, in violation of SCR 21.03(4)[5] and 22.07(2) and (3).[6]

---

[4] SCR 20:8.4 provides, in pertinent part:

**Misconduct**

It is professional misconduct for a lawyer to:

. . .

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

[5] SCR 21.03 provides, in pertinent part:

**General principles.**

. . .

(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[6] SCR 22.07 provides, in pertinent part:

**Investigation.**

. . .

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical

¶ 16. As discipline for that professional misconduct, the referee recommended that Attorney Johnson's license to practice law be revoked and that he be ordered to pay restitution to one of the estates in the amount of $4495, the amount he disbursed to himself from estate funds and used for his own purposes. In addition, the referee recommended that Attorney Johnson be required to provide an accounting of the trust account used for that estate.

¶ 17. We adopt the referee's findings of fact and conclusions of law and determine that the professional misconduct established in this proceeding warrants the revocation of Attorney Johnson's license to practice law. We accept the referee's recommendation that Attorney Johnson be ordered to pay restitution and provide an accounting in respect to the matter in which he misappropriated funds belonging to an estate.

¶ 18. IT IS ORDERED that the license of Bruce S. Johnson to practice law in Wisconsin is revoked, effective the date of this order.

¶ 19. IT IS FURTHER ORDERED that within 60 days of the date of this order Bruce S. Johnson make restitution and furnish an accounting to the estate as recommended by the referee.

incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

(3) The administrator or committee may compel the respondent to answer questions, furnish documents and present any information deemed relevant to the investigation. Failure of the respondent to answer questions, furnish documents or present relevant information is misconduct. The administrator or a committee may compel any other person to produce pertinent books, papers and documents under SCR 22.22.

¶ 20. IT IS FURTHER ORDERED that within 60 days of the date of this order Bruce S. Johnson pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary Proceeding.

¶ 21. IT IS FURTHER ORDERED that Bruce S. Johnson comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law has been revoked.